Case 3:25-cr-00323-DCG   Document 38   Filed 02/19/25   Page 1 of 7

FILED
February 19, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **I N D I C T M E N T**  Case No: EP:25-CR-00323-DCG |
| Plaintiff, | § | |
| | § | CT 1: 18 U.S.C. §§ 933(a)(3) and (b) – Trafficking in Firearms; |
| v. | § | |
| | § | CT 2: 18 U.S.C. §§ 932(b)(1), (b)(2), and (c)(1) – Straw Purchasing of Firearms; |
| (1) DANIEL FELICIANO AYALA-MURILLO, | § | |
| (2) ELVIN SEBASTIAN IBAREZ, | § | CT 3: 18 U.S.C. §§ 922(a)(6) and 924(a)(2) – False Statement During Purchase of a Firearm; |
| (3) ANDY DANIEL MADRIGAL MONTENEGRO, | § | |
| (4) ANDRED GARCIA PULIDO, | § | CT 4: 18 U.S.C. §§ 922(a)(6) and 924(a)(2) – False Statement During Purchase of a Firearm. |
| (5) JUAN LOPEZ, and | § | |
| (6) BRANDON GARCIA, | § | *Notice of Government's Demand for Forfeiture* |
| Defendants. | § | |

## INTRODUCTION

At all relevant times during this Indictment, Title 18, United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importation, production, shipment, receipt of sale or other disposition of firearms at the place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473). The ATF Form 4473 requires the Buyer of the firearm to fill out Section B, which requires the Buyer's full name, address, date of birth, and other identifying information. Additionally, Question 21a on the Form 4473 asks whether the person completing the form is the "actual transferee/buyer of the firearms listed on the form." The question also includes a warning that "[y]ou are not the actual transferee/buyer if you are acquiring the firearms on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearms to you."

Additionally, the purchaser's certification, documented with a signature in block "22," of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law.

THE GRAND JURY CHARGES:

## COUNT ONE
### Trafficking in Firearms

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

On or about January 25, 2025, in the Western District of Texas, the Defendants,

**(1) DANIEL FELICIANO AYALA-MURILLO,
(2) ELVIN SEBASTIAN IBAREZ,
(3) ANDY DANIEL MADRIGAL MONTENEGRO, and
(4) ANDRED GARCIA PULIDO,**

did knowingly and willfully combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit offenses against the United States, namely: to ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, including but not limited to the following:

- Two Palmetto State Armory model PA15 multi caliber pistols
- One Romarm/Cugir Arms model WASR-10UF, caliber 7.62 rifle
- One Glock model 19X 9mm pistol
- One Glock model 43X 9mm pistol

in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(3) and (b).

## COUNT TWO
### Straw Purchasing of Firearms

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

That on or about January 25, 2025, in the Western District of Texas, the Defendants,

**(1) DANIEL FELICIANO AYALA-MURILLO,**
**(2) ELVIN SEBASTIAN IBAREZ,**
**(3) ANDY DANIEL MADRIGAL MONTENEGRO, and**
**(4) ANDRED GARCIA PULIDO,**

did knowingly conspire to purchase firearms, to wit:

- Two Palmetto State Armory model PA15 multi caliber pistols

- One Romarm/Cugir Arms model WASR-10UF, caliber 7.62 rifle

- One Glock model 19X 9mm pistol

- One Glock model 43X 9mm pistol

in or otherwise affecting interstate or foreign commerce, for, on behalf of, or at the request or demand of **DANIEL FELICIANO AYALA-MURILLO**, knowing or having reasonable cause to believe that **DANIEL FELICIANO AYALA-MURILLO** was an alien to the United States who had been admitted under a non-immigrant visa and/or that **DANIEL FELICIANO AYALA-MURILLO** intended to use, carry, possess, sell, or otherwise dispose of the firearms in furtherance of a felony, to wit: exporting the firearms to Mexico without a license, in violation of Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 932(b)(1), (b)(2), and (c)(1)).

### COUNT THREE
**False Statement During Purchase of a Firearm**

On or about January 25, 2025, in the Western District of Texas, the Defendant,

**(5) JUAN LOPEZ,**

in connection with the acquisition of firearms, to wit: **a Romarm/Gugir Arms model WASR-**

3

**10UF 7.62 rifle, a Glock model 19x 9mm pistol, and a Glock model 43x 9mm pistol,** from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the said firearms to the defendant under Chapter 44 of Title 18, in that the defendant represented on an ATF Form 4473 the answer "yes" in response to question 21a, which asks "Are you the actual transferee/buyer of the firearms listed on this form?" when in fact the defendant knew he was purchasing the firearm on behalf of another person, and not for himself, all in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT FOUR
### False Statement During Purchase of a Firearm

On or about January 25, 2025, in the Western District of Texas, the Defendant,

**(6) BRANDON GARCIA**,

in connection with the acquisition of firearms, to wit: **two Palmetto State Armory model PA15 multi-caliber pistols**, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the said firearms to the defendant under Chapter 44 of Title 18, in that the defendant represented on an ATF Form 4473 the answer "yes" in response to question 21a, which asks "Are you the actual transferee/buyer of the firearms listed on this form?" when in fact the defendant knew he was purchasing the firearm on behalf of another person, and not for himself, all in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## I.
### Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 932(b)(1), (b)(2), (c)(1) and 933(a)(3) and (b), subject to

**forfeiture pursuant to Title 18 U.S.C §§ 934(a)(1)(A) and (B)]**

As a result of the criminal violations set forth in Counts One and Two, the United States of America gives notice to Defendants **(1) DANIEL FELICIANO AYALA-MURILLO, (2) ELVIN SEBASTIAN IBAREZ, (3) ANDY DANIEL MADRIGAL MONTENEGRO and (4) ANDRED GARCIA PULIDO** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. - Forfeiture and Fines**
> **(a) Forfeiture.**
>   (1) In General.— Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>     (A)  any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     (B)  any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

## II.
### Firearms Violation and Forfeiture Statutes
**[Title 18 U.S.C. §§ 922(a)(6) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts Three and Four, the United States gives notice to Defendants **(5) JUAN LOPEZ** and **(6) BRANDON GARCIA** of its intent to seek forfeiture of the property described below upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
>   **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the property described below in Paragraph III and Money Judgment in Paragraph IV.

## III.
## Property

1. Palmetto State Armory model PA-15 multi caliber pistol serial number SCNL100227;
2. Palmetto State Armory model PA-15 multi caliber pistol serial number SCNL218166;
3. Romarm/Cugir Arms model WASR-10UF 7.62 rifle serial number 23UG0491;
4. Glock Inc. model 19X 9mm pistol serial number CDZK627;
5. Glock GMBH model 43X 9mm pistol serial number BTFM623;
6. 720, 7.62x39 rounds of ammunition;
7. 840, 7.62x39 rounds of ammunition;
8. 780, 7.62x39 rounds of ammunition;
9. 50, 50cal. rounds of ammunition;
10. $4,580.00, more or less, in United States currency; and
11. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

## IV.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One and Two for which Defendants **(1) DANIEL FELICIANO AYALA-MURILLO, (2) ELVIN SEBASTIAN IBAREZ, (3) ANDY DANIEL MADRIGAL MONTENEGRO and (4) ANDRED GARCIA PULIDO** are individually liable.

## Substitute Assets

If any of the above listed forfeitable property, as a result of any act or omission of the Defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or

6

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

███████████

_____
FOREPERSON OF THE GRAND JURY

MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

BY: _/s/ Nally + Barbosa_____
    Assistant U.S. Attorney